Hearing Date & Time: October 5, 2011 at 1:30 p.m.
Objection Deadline: September 27, 2011 at 4:00 p.m.

MORITT HOCK & HAMROFF LLP
*Attorneys for Mariner's Bank*
400 Garden City Plaza
Garden City, NY 11530
(516) 873-2000
Marc L. Hamroff
Theresa A. Driscoll

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                              Chapter 11

                                                                    Case No. 11-76126 (REG)

ROSMAR INDUSTRIES, LLC,


                                 Debtor.
-------------------------------------------------------------X

**NOTICE OF MOTION FOR AN ORDER (I) DEEMING THE
AUTOMATIC STAY INAPPLICABLE TO CERTAIN REAL PROPERTY;
(II) MODIFYING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C.
§ 362(d)(1) TO ENABLE MARINER'S BANK TO TAKE SUCH ACTION
AGAINST THE DEBTOR AS IS NECESSARY TO PROTECT ITS
INTEREST IN SUCH PROPERTY; AND
(III) GRANTING RELATED RELIEF**

PLEASE TAKE NOTICE that upon the annexed motion (the "Motion") Mariner's

Bank will move before the Honorable Robert E. Grossman, United States Bankruptcy Judge, at

the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato

Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722, on October 5, 2011 at

1:30 p.m. (the "Hearing") for an Order (i) Deeming The Automatic Stay Inapplicable To Certain

Real Property; (ii) Modifying The Automatic Stay Pursuant To 11 U.S.C. § 362(d)(1) To Enable

Mariner's Bank To Take Such Action Against The Debtor As Is Necessary To Protect Its Interest

In Such Property; And (iii) Granting Related Relief.

PLEASE TAKE FURTHER NOTICE that any objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Eastern District of New York and must be electronically filed, with a courtesy copy to Judge Grossman's Chambers, no later than September 27, 2011 at 4:00 p.m. (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that objections, if any, must also be served so that a hard copy of the objection is received on or before the Objection Deadline, by Moritt Hock & Hamroff LLP, 400 Garden City Plaza, Garden City, New York 11530, Attn: Marc L. Hamroff, Esq. (Counsel to Mariner's Bank).

PLEASE TAKE FURTHER NOTICE that the Hearing may be adjourned from time to time without any additional or further notice.

Dated: September 14, 2011
      Garden City, New York

           MORITT HOCK & HAMROFF LLP

           By:    /s/ Marc L. Hamroff           
                  Marc L. Hamroff
                  Theresa A. Driscoll
                  400 Garden City Plaza
                  Garden City, NY 11530
                  (516) 873-2000

           *Attorneys for Mariner's Bank*

MORITT HOCK & HAMROFF LLP
*Attorneys for Mariner's Bank*
400 Garden City Plaza
Garden City, NY  11530
(516) 873-2000
Marc L. Hamroff
Theresa A. Driscoll

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:                                                    Chapter 11

                                                          Case No. 11-76126 (REG)

ROSMAR INDUSTRIES, LLC,


                            Debtor.
-----------------------------------------------------------X

### MOTION FOR AN ORDER (I) DEEMING THE AUTOMATIC STAY INAPPLICABLE TO CERTAIN REAL PROPERTY; (II) MODIFYING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1) TO ENABLE MARINER'S BANK TO TAKE SUCH ACTION AGAINST THE DEBTOR AS IS NECESSARY TO PROTECT ITS INTEREST IN SUCH PROPERTY; AND (III) GRANTING RELATED RELIEF

Mariner's Bank ("Mariner's"), a party in interest in this Chapter 11 case of

Rosmar Industries, LLC (the "Debtor"), by and through its attorneys, Moritt Hock &

Hamroff LLP, on behalf of its Motion for an Order: (I) Deeming the Automatic Stay

Inapplicable to Certain Real Property; (II) Modifying the Automatic Stay Pursuant to 11

U.S.C. § 362(d)(1) to Enable Mariner's Bank to Take Such Action Against the Debtor As

Is Necessary to Protect Its Interest In Such Property; and (III) Granting Such Other Relief

As the Court Deems Necessary and Proper (the "Motion").  Mariner's sets forth and

respectfully represents as follows:

## PRELIMINARY STATEMENT

1.      The Debtor's Chapter 11 petition (the "Petition")[1] purports to list Mariner's as a secured creditor secured by certain real property which is no longer owned by the Debtor.[2]  Prior to the commencement of this case, Mariner's became the title owner of the Debtor's single asset property located at 474-476 Irvine Turner Boulevard, Newark, New Jersey (the "Property") by virtue of a Deed in Lieu of Foreclosure transferred and recorded pursuant to the terms of that certain Forbearance Agreement (defined below).  As of Petition Date (defined below), the Property was already the legal property of Mariner's and the Debtor has no redemption rights with respect thereto.  That fact notwithstanding, the Debtor has obstructed Mariner's access to the Property and diverted rental payments from Mariner's to the Debtor. The Debtor has no assets, no creditors (other than Mariner's)[3], no business operations, and nothing to reorganize. The only purpose of this bankruptcy filing is to frustrate Mariner's efforts to exercise its ownership rights, title and interest to the Property.[4]  Thus, by filing the Petition, the Debtor has at least ostensibly sought to invoke the protections of the automatic stay as to the Property.  Mariner's seeks entry of an Order deeming the automatic stay inapplicable to the Property and modifying the automatic stay to enable Mariner's to access its

---

[1] A copy of the Petition is attached hereto as *Exhibit A*.

[2] The Debtor was required to file its schedules and statements of Financial Affairs by September 12, 2011. As of the date hereof, such documents have not been filed and the Debtor has failed to comply with its obligations under the Bankruptcy Code and Rules.

[3] Mariner's is the record owner of the Property by virtue of the prepetition recording of the Deed in Lieu of Foreclosure.  Mariner's security interest in the Property was released.  Mariner's expressly reserves all rights to assert claims in this case (secured or otherwise) in the event the relief sought herein is denied and nothing contained herein shall be deemed a waiver of any such claims.

[4] In this regard and as set forth below, subsequent to the recording of the Deed (described below), Rosmar representatives changed the locks at the Property and directed tenants thereof to pay rent to Rosmar, not Mariner's.  Such actions have deprived Mariner's of use, occupancy and management of its property.

Property and enforce its rights and remedies as against the Debtor with respect thereto. As more fully set forth below, sufficient cause exists for stay relief.

**BACKGROUND**

**The Parties**

2.     The Debtor is, upon information and belief, a New Jersey Limited Liability Company formed for the sole purpose of acquiring and owning the Property.

3.     Mariner's is a lending institution which was the Debtor's mortgagee. Based upon the Debtor's prepetition conveyance of the Property to Mariner's as part of a forbearance agreement (as more fully discussed below), Mariner's is now the record owner of the Property.

**Mariner's Relationship with the Debtor**

4.     On or about May 18, 2007 Mariner's and Rosmar executed that certain Term Loan Agreement pursuant to which Mariner's agreed to make a term loan to Rosmar in the aggregate principal amount of $800,000.00.

5.     On or about July 2, 2007, Rosmar executed that certain Term Loan Note in favor of Mariner's in the principal amount of $800,000.00 (the "Note").

6.     Payment of the Note was secured by (i) that certain Term Loan Mortgage dated July 2, 2007 and recorded on July 12, 2007 for the Property; and (ii) an Assignment of Leases and Rents dated July 2, 2007.

7.     The payment of the Note was also unconditionally guaranteed by Agreements of Guaranty dated July 2, 2007 executed by (a) Albania Martinez; (b) Jose Rosario; (c) Jose Martinez; and (d) Roselies Rosario (together, the "Guarantors").

8.     On or about December 16, 2010, Mariner's commenced an action in the

Bergen County Superior Court Law Division (the "Law Division Action") against Rosmar and the Guarantors alleging a default under the Note and seeking damages in connection therewith.

9.      On or about January 24, 2011, Mariner's commenced an action in foreclosure in the Essex County Court, Chancery Division (the "Foreclosure Action" and together with the Law Division Action, the "State Court Actions"). The State Court Actions have not been dismissed given the Debtors' immediate default under the Forbearance Agreement (described below).

10.     On April 30, 2011, Rosmar, certain of the Guarantors and Mariner's executed that certain Modification and Forbearance Agreement pursuant to which Rosmar agreed to deliver and pledge, assign to Mariner's, to be held in escrow, a Deed in Lieu of Foreclosure (the "Forbearance Agreement"). A copy of the Forbearance Agreement is attached hereto as *Exhibit B.*

11.     Pursuant to the Forbearance Agreement, Rosmar expressly waived its right of redemption of the Property and all defenses or objections to the filing of the Deed.

12.     By letter dated August 5, 2011, Mariner's notified Rosmar of an uncured default and its intention to file the Deed to the Property promptly in the Essex County Register's Office. A copy of this letter is attached hereto as *Exhibit C.*

13.     On August 17, 2011, Mariner's recorded the Deed to the Property. A copy of the recorded Deed is attached hereto as *Exhibit D.*

14.     Subsequent to the recording of the Deed, the Debtor changed the locks at the Property to prevent Mariner's from gaining access thereto. Additionally, on information and belief, the Debtor instructed tenants at the Property to pay rents directly

to the Debtor and not to Mariner's.

**The Debtor's Bankruptcy Proceeding**

15.     On August 29, 2011 (the "Petition Date"), Rosmar filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

16.     On September 7, 2011 (the "September 7 Letter"), Mariner's (through counsel) sent a letter to the Debtor indicating that Mariner's is the record owner of the Property and requesting that the Debtor cease from interfering with Mariner's ownership of the Property, collection of the rents as well as an accounting thereof. As of the date hereof, Mariner's letter has gone unanswered. A copy of the September 7 Letter is attached hereto as *Exhibit E*.

**RELIEF REQUESTED**

17.     As of the Petition Date, the Debtor had no interest in the Property. Pursuant to the Forbearance Agreement, the Debtor conveyed all of its right, title and interest to the Property to Mariner's and expressly and unequivocally waived any right of redemption. *See* Forbearance Agreement, ¶5 ("The Borrower expressly waives the right of redemption and any and all defenses or objections to the filing of the Deed in the event of a default hereunder."). Prior to the Petition Date, the Debtor has interfered with and obstructed Mariner's ownership interest in the Property by denying Mariner's access thereto and converting the rents derived therefrom. Further, in filing the Petition, the Debtor is attempting to gain the benefit of the broad injunctive power of the automatic stay with respect to the Property. On information and belief, the Debtor has no assets and admittedly has no creditors (other than Mariner's). *See* Petition (Estimated Number of

Creditors – 1-49); List of Creditors Holding 20 Largest Unsecured Claims. What's more, the Debtor does not have any business to reorganize.[5] For the foregoing reasons, the automatic stay should be deemed to not apply to the Property and should be modified to allow Mariner's to take whatever actions are necessary and proper to protect its interests in the Property.

## BASES FOR RELIEF REQUESTED

### I.    The Property is Not Property of the Debtor's Estate.

18.    A debtor's property rights generally are defined by State law and are not altered by a bankruptcy filing. *See Butner v. United States*, 440 U.S. 48, 55 (1979).  The Deed evidences that Mariner's is the record owner of the Property.  Additionally, the Debtor had no right of redemption as of the Petition Date. *See* Forbearance Agreement, ¶ 5; *see also In re 652 West 160th LLC*, 330 B.R. 455, 463 (Bankr. S.D.N.Y. 2005) ("With respect to the right to redeem, the relevant questions are what rights this Debtor had under State law, as of the filing of the Chapter 11 case").

19.    Because the Debtor had no right to redeem prior to the Petition Date, the Debtor has no interest (legal, equitable or otherwise) in the Property.  Although Mariner's is the owner of the Property, it is filing the motion as a precautionary measure based upon the Debtor's prepetition conduct and disclosures made in the Petition, each of which appear to be inconsistent with Mariner's ownership of the Property.  Thus, to enable Mariner's to exercise its rights at the Property (without fear of violating the automatic stay) and to avoid further confusion at the Property and provide clarity to tenants thereat,

---

[5] The Debtor indicates in the Petition that it is neither a small business debtor nor a single asset debtor and the nature of its business is "Other."  Because the Debtor did not file the affidavit pursuant to Bankruptcy Rule 1007 with the Petition, the precise nature of the Debtor's purported business operations is unclear.

Mariner's requests entry of an order pursuant to sections 105(a), 362 and 541 of the Bankruptcy Code finding the Debtor has no rights or interest in the Property and, as such, the Property is beyond the scope of the automatic stay provisions. Mariner's further requests entry of an order directing the Debtor to cease and desist in acting as an owner of the Property and/or interfering with Mariner's rights as owner thereof.

## II.    This Court Should Enter an Order Granting Mariner's Relief from the Automatic Stay For Cause Under Section 362(d)(1) of the Bankruptcy Code.

20.    Section 362(d)(1) of the Bankruptcy Code provides that the Court shall grant relief from the automatic stay "for cause".[6]   "Cause" is not defined in the Bankruptcy Code, but has been given varying meanings by courts in this Circuit and elsewhere.   For example, it is well settled that a debtor's lack of good faith in filing a petition for bankruptcy protection is "cause" for modification of the automatic stay. *See In re Sonnax Industries*, 907 F.2d 1280, 1287 (2d Cir. 1990); *In re 68 West 127 Street, LLC*, 285 B.R. 838, 843 (Bankr. S.D.N.Y. 2002).   Among the factors courts consider when determining whether a petition has been filed in bad faith are the following: (i) the debtor's main asset is the subject of a foreclosure action as a result of arrearages or default on the debt; (ii) the debtor has few unsecured creditors whose claims are small in relation to those of the secured creditors; (iii) the debtor's financial condition is, in essence a two party dispute between the debtor and its secured creditor; (iv) the timing of the debtor's filing evidences an intent to delay, frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights; (v) the debtor has little or no cash flow; (vi) the debtor can't meet current expenses; and (vii) the debtor has no employees. *See C-*

---

[6] Under Section 362(g) of the Bankruptcy Court, in connection with a lift stay motion, the Debtor (not Mariner's) bears the burden of establishing that cause does not exist to vacate the automatic stay.

*TC 9ᵗʰ Ave. P'Ship v. Norton Co. (In re C-TC 9th Ave. P'Ship)*, 113 F. 3d 1304, 1311 (2d Cir. 1997). This list is non-exclusive and the court can consider other facts as well. *See id.*

21.     In this case, "cause" to modify the stay exists based on the Debtor's Debtor's outright and flagrant actions respecting the Property[7] – which property it no longer has any interest.   Cause also exists based on the Debtor's lack of good faith in filing the Petition. *See In re 652 West 160ᵗʰ LLC*, 330 B.R. 455 (finding that the debtor acted in bad faith in filing its single asset bankruptcy petition on the expiration of the time within which it was authorized to redeem its property from a prepetition tax foreclosure judgment and, on that basis, lifting the automatic stay to enable the taxing authority to complete its foreclosure proceeding).   Here, (a) the timing of the Debtor's bankruptcy filing only twelve days after the Deed was recorded; (b) the Debtor's efforts to obstruct Mariner's access to and control of the Property and; (c) the Debtor's blatant conversion of Mariner's property, evidence the Debtor's bad faith, warranting relief from the automatic stay and an order directing the Debtor to cease and desist from such activity.

22.     Because the Debtor had no right to redeem prior to the Petition Date, the Debtor has no interest (legal, equitable or otherwise) in the Property, The Debtor's only asset – i.e. the Property - - was conveyed <u>by the Debtor</u> to Mariner's prepetition.   On information and belief, the Debtor has no other assets.   Further, the Debtor has no

---

[7]     As stated, prior to the Petition Date and after Mariner's recorded the Deed, the Debtor changed the locks at the Property and has been collecting rents.  These rents are property of Mariner's, not the Debtor and do not constitute sources of income that may be used to fund any reorganization.  The modification of the stay must include direction to the Debtor to turn over any postpetition rents collected and account therefore and cease and desist from taking any further action as owner of the Property.

creditors.[8]   Moreover, this filing appears to be an effort to obtain the protections of the automatic stay with respect to non-estate property.

23.    Not only is the stay inapplicable to the Property, but the fact that the Debtor has no realistic chance for rehabilitation of any ongoing business and filed the Petition in the hopes of gaining protection of the automatic stay militates in favor of stay relief. *See, e.g., C-TC 9th Avenue*, 113 F.3d 1304, 1311-12; *In re Laguna Assoc. Ltd. Partnership*, 30 F.3d 734, 738 (6th Cir. 1994); *In re Little Creek Dev. Co.*, 779 F.2d 1068, 1073 (5th Cir. 1986); and *In re Macinnis*, 235 B.R. 255, 260 (S.D.N.Y. 1998).

24.    This Court should grant Mariner's relief from the automatic stay to permit Mariner's to take whatever actions are necessary and proper to protect its ownership interest in the Property, including, but not limited to: (i) collecting rents; (ii) selling the Property (iii) pursuing the Guarantors for any deficiency or other claims in the State Court Actions; (iv) directing all rents at the Property be paid to Mariner's and (v) authorizing Mariner's to enforce its rights and remedies against the Debtor with regard to its interest in the Property in any court of competent jurisdiction including to enjoin interference with Mariner's ownership rights in the Property and rents.

25.    Here, the Debtor acts as if it still owns the Property- which was unequivocally conveyed to Mariner's pursuant to the Forbearance Agreement and as evidenced by the Deed. As set forth above, the Property is not property of the Debtor's estate as to which the automatic stay applies and sufficient cause exists to modify the automatic stay to enable Mariner's to take steps necessary to enforce its right, title and interest in the Property. The Court should, therefore, enter an order deeming the

---

[8] The Petition lists Mariner's as the Debtor's only creditor. As stated, Mariner's is no longer a mortgagee of the Debtor by virtue of the recorded Deed in Lieu of Foreclosure.

9

automatic stay inapplicable to the Property and granting Mariner's relief from the automatic stay.

## CONCLUSION

WHEREFORE, based upon the foregoing, Mariner's respectfully requests the entry of an Order (i) deeming the automatic stay inapplicable to the Property; (ii) modifying the automatic stay to permit the Mariner's to take what ever actions are necessary and proper to protect its interest in the Property; (iii) directing the Debtor to immediately turn over any and all rents collected to date at the Property; (iv) ordering the Debtor to cease and desist taking acts as owner of the Property; and (v) granting such other relief as may be appropriate.

Dated: Garden City, New York
      September 14, 2011

                                    MORITT HOCK & HAMROFF LLP

                                    By:   /s/ Marc L. Hamroff
                                            Marc L. Hamroff
                                          Theresa A. Driscoll
                                          400 Garden City Plaza
                                        Garden City, New York 11530
                                        (516) 873-2000

                                    *Attorneys for Mariner's Bank*